# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONINO SANFILIPPO,<br><br>            Plaintiff,<br>    vs.<br><br>MICHAEL J. ASTRUE,<br><br>            Defendant. | CASE NO. 06cv0086 BTM (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** |

Plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

In this action, Plaintiff sought judicial review of the Commissioner's denial of her application for Disability Insurance Benefits under Title II of the Social Security Act. In an order dated August 14, 2006, the Court denied Plaintiff's motion for summary judgment and granted Defendant's cross-motion for summary judgment. The Court found that the Administrative Law Judge ("ALJ") did not commit legal error because substantial evidence supported his decision to deny Plaintiff benefits.

Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals. In an order filed on April 18, 2008, the Ninth Circuit concluded that the ALJ failed to identify

"specific and legitimate" reasons for rejecting Plaintiff's treating physician's opinion and applied the wrong standard to Plaintiff's treating chiropractor's opinion. Accordingly, the Ninth Circuit reversed the Court's decision and ordered that the case be remanded to the Commissioner for further proceedings consistent with its opinion. On November 3, 2008, the Court filed an order remanding the case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g). On October 11, 2008, Plaintiff brought the instant Motion for Attorney's Fees [Docket No. 22].

## II. DISCUSSION

The Equal Access to Justice Act ("EAJA") entitles a prevailing party, other than the United States, to attorney's fees unless the government's position was substantially justified or special circumstances exist that render the award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff is the "prevailing party," nor does Defendant contend that the Government's position was substantially justified. Rather, Defendant argues that the Court should deny Plaintiff's petition as untimely. In the alternative, Defendant argues that Plaintiff counsel's claimed hours are excessive and unreasonable.

A. Timeliness of Plaintiff's Petition

A prevailing party seeking attorney's fees under the EAJA must submit an application to the court within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). A final judgment is one that is no longer appealable. Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). Defendant contends that the judgment in this case became final 120 days after the Ninth Circuit filed its decision and entered judgment remanding the case for further proceedings to the District Court on April 18, 2008. This time period includes the 90 days during which Defendant could petition for a writ of certiorari with the Supreme Court and the 30 days allowed under the EAJA. Defendant cites Al-Harbi v. I.N.S, 284 F.3d 1080 (9th Cir. 2004) to support its position.

The Court disagrees that Al-Harbi is on point here. In Al-Harbi, Plaintiff prevailed on a petition for review to the Ninth Circuit from the Board of Immigration Appeals ("BIA"). When the Ninth Circuit reversed the decision of the BIA and granted the petition for review, it remanded the case directly to the BIA for further proceedings. See Al-Harbi v. I.N.S., 242 F.3d 882, 894 (9th 2001). In contrast, here the Ninth Circuit remanded not to an administrative agency, but to the District Court. Thus, the Ninth Circuit's decision was not the final judgment because it did not terminate the judicial phase of the proceeding. See Kolman v. Shalala, 39 F.3d 173, 176 (7th Cir. 1994) (finding that Seventh Circuit's decision was not a final judgment since rather than terminating the case it remanded it to the district court with further directions to remand the case to the Social Security Administration). Rather, judgment was final here after the District Court entered judgment and the time to appeal expired, making the judgment final and no longer appealable. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Akopyan, 296 F.3d at 854 (holding that a sentence four remand becomes a final judgment upon expiration of the time for appeal).

In a civil case where the Government is a party, a notice of appeal must be filed within 60 days from entry of judgment. Fed. R. App. P. 4(a)(1)(B). Judgment is considered entered for purposes of Rule 4(a) if it has been entered in compliance with Federal Rule of Civil Procedure 58. Fed. R. App. P. 4(a)(1); see also Shalala v. Schaefer, 509 U.S. 292, 302–303 (1993). For the purpose of Rule 58, judgment is entered when it is entered in the civil docket and is set out in a separate document. Fed. R. Civ. P. 58(c).

Here, the District Court entered judgment on the civil docket and set out the judgment in a separate document on November 3, 2008 [Docket Nos. 26, 27]. Thus, Plaintiff had 120 days following November 3, 2008 to file an EAJA application. Plaintiff filed his Motion for Attorney's Fees on October 11, 2008, well before his time expired. The Court therefore finds that Plaintiff timely filed his application and is entitled to attorney's fees pursuant to the EAJA.

///
///

B. Reasonableness of Plaintiff Counsel's Claimed Hours

The award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded form an award of fees. Id. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

Plaintiff seeks fees based on an hourly rate of $166.46 for work performed in 2007 and $169.46 for worked performed in 2008. Defendant does not challenge the reasonableness of this hourly rate. The Court finds that the hourly rate is reasonable and fairly takes into account the relevant cost of living adjustment.[1]

Plaintiff's counsel billed 75.90 hours in connection with the litigation of this action and the preparation of the EAJA fee motion. Upon review of the itemization of the billed hours, the papers filed in connection with the EAJA fee motion, and the appellate briefs, the Court finds that certain of the hours billed by Plaintiff were excessive. Specifically, the Court finds that the time Plaintiff spent reviewing her records and preparing her itemization of hours on 7/18/08 and 7/25/08 was excessive. The Court therefore disallows 3.75 hours, but will allow 3 hours related to this task. Plaintiff Counsel's requested fee is thereby reduced by $635.48.

The Court also disallows EAJA fees for Plaintiff Counsel's time spent reviewing Defendant's Opposition to the EAJA petition and preparing a Reply brief. Plaintiff's Counsel untimely filed her Reply thirty-three days after the hearing date. Plaintiff's reply was due five court days *prior* to the hearing date. CivLR 7.1(e)(3). Because the Court performed substantial research on its own prior to Plaintiff's Reply, it was of little assistance.

Other than the hours specifically disallowed by the Court, the Court finds the hours

---

[1] The EAJA provides that attorneys fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. The hourly rate claimed by Plaintiff fairly reflects the cost of living adjustment for the time period in question.

billed by Plaintiff's counsel to be reasonable. Taking into account the reductions detailed above, the Court allows the recovery of 72.15 hours, calculated at the rate of $166.46 for the hours billed in 2007 and $169.46 for the hours billed in 2008, for a total award of $12,048.30.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $12,048.30 in attorney's fees. **IT IS SO ORDERED.**

DATED: March 2, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge